UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RJB WHOLESALE INC., a Washington Corporation; JEFFREY CASTLEBERRY and "JANE DOE" CASTLEBERRY, husband and wife and the marital community composed thereof,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff The Phoenix Insurance Company ("Travelers") brings this Complaint for Declaratory Judgment against the defendant, RJB Wholesale Inc. ("RJB").

## I.   NATURE OF THE ACTION

1.1   This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Travelers seeks a determination that it has no duty to defend or indemnify RJB under a policy of insurance issued to RJB by Travelers with respect to a motion for an award of attorney's fees, an order granting said motion, and an appeal therefrom, all filed in an action styled *RJB Wholesale, Inc. v. Jeffrey Castleberry et al.*, No. 2:16-cv-01829-MJP (W.D. Wash.) (the "Underlying Lawsuit").

COMPLAINT FOR DECLARATORY JUDGMENT   - 1 -

## II. THE PARTIES

2.1 Plaintiff The Phoenix Insurance Company is an insurance company organized under the laws of and having its principal place of business in the state of Connecticut. It is authorized to do business in the state of Washington and elsewhere.

2.2 Defendant RJB Wholesale, Inc. is a Washington corporation with its principal place of business in Kirkland, King County, Washington.

2.3 Defendants Jeffrey Castleberry and "Jane Doe" Castleberry are Washington citizens residing within the state of Washington and further comprise a marital community.

## III JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1332(a) and Rule 57 of the Federal Rules of Civil Procedure.

3.2 An actual and justiciable controversy between Travelers and RJB exists within the meaning of 28 U.S.C. § 2201 regarding whether Travelers has a duty to defend or indemnify RJB under the aforementioned policy with respect to the motion, order, and appeal filed in the Underlying Lawsuit, as more particularly described below.

3.3 This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the suit is between citizens of different states.

3.4 Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and the defendants reside in this judicial district.

## IV. FACTS

**A.** **The Underlying Lawsuit**

4.1 On November 28, 2016, RJB filed its complaint in the Underlying Lawsuit against Jeffrey Castleberry ("Castleberry") and Jane Doe Castleberry.

4.2     In its complaint, RJB alleged that Castleberry had been employed by RJB as a sales representative, had left that employment to work for a competitor of RJB, and had misappropriated trade secrets and confidential information of RJB.

4.3     The Underlying Lawsuit proceeded on nine causes of action: (I) Violation of the Computer Fraud and Abuse Act; (II) Violation of the Economic Espionage Act, as Amended by the Defend Trade Secrets Act; (III) Misappropriation of Trade Secrets (under Washington's Uniform Trade Secrets Act); (IV) Breach of Contract; (V) Breach of Fiduciary Duty and Duties of Loyalty; (VI) Conversion and/or Trespass to Chattel; (VII) Tortious Interference; (VIII) Unjust Enrichment; and (IX) Claim for Accounting.

4.4     On January 30, 2017, Castleberry filed an answer to RJB's complaint in the Underlying Lawsuit.  Castleberry's answer included a prayer for relief in which he sought "An award … of his attorney's fees, costs, and interest, as may be allowed by rule, statute, or contract…."

4.5     Castleberry did not file a counterclaim against RJB in the Underlying Lawsuit.

4.6     On August 16, 2018, the trial court judge overseeing the Underlying Lawsuit granted summary judgment in favor of Castleberry with respect to all of the claims in RJB's complaint.

4.7     On August 30, 2018, Castleberry filed a Motion for Award of Attorney's Fees and Costs (the "Motion") on the basis that the second count of RJB's complaint, Violation of the Economic Espionage Act, as Amended by the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(D) (the "Federal Trade Secrets Claim") and the third count of RJB's complaint, Misappropriation of Trade Secrets under Washington's Uniform Trade Secrets Act, RCW 19.108.040 (the "State Trade Secrets Claim") were not raised in good faith.

4.8     On October 24, 2018, the Court in the Underlying Lawsuit issued an Order Granting Motion for Attorney Fees (the "Order"), finding that the Federal Trade Secrets Claim and State

1  Trade Secrets Claim were made in bad faith, ordering RJB to pay Castleberry's attorney's fees in

2  the amount of $293,711.00, and referring Castleberry's Bill of Costs to the Deputy in Charge.

3        4.9     On October 25, 2018, the Deputy in Charge filed a Taxation of Costs against RJB

4  and in favor of Castleberry in the amount of $1,543.77.

5        4.10    On October 30, 2018, RJB filed a Notice of Appeal, appealing to the United States

6  Court of Appeals for the Ninth Circuit from a number of orders entered in the Underlying Lawsuit,

7  including the order granting summary judgment, the Order, and the Taxation of Costs.  The appeal

8  is currently pending in the Ninth Circuit under Docket No. 18-35916.

9  **B.**     **The Tender to Travelers**

10       4.11    On March 6, 2019, RJB tendered its defense to Travelers with respect to

11 Castleberry's answer, the Motion, the Order, and RJB's appeal under the commercial insurance

12 policy described below.

13       4.12    Travelers responded to the tender by letter dated April 25, 2019, denying coverage

14 to RJB.

15       4.13    RJB, through counsel, objected to Travelers' denial of coverage and asked

16 Travelers to reconsider; counsel exchanged multiple emails with Travelers in addition to in-person

17 conversations about the claim.  On July 25, 2019, Travelers issued a letter to RJB agreeing to

18 provide a defense to RJB pursuant to an express reservation of rights.

19 **C.**     **The Travelers Policy**

20       4.14    Travelers issued a commercial insurance policy designated as policy number Y-

21 630-4H187386 (the "Policy") to RJB with a policy period of November 15, 2016 to November 15,

22 2017.

23       4.15    The Policy has limits of $1,000,000 per occurrence and $1,000,000 for personal

24 and advertising injury, subject to a products-completed operations aggregate limit of $2,000,000,

25 and a general aggregate of $2,000,000.

4.16   The Policy includes the following provisions:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

   **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
   . . .

   **b.**   This insurance applies to "bodily injury" and "property damage" only if:

   **(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)**   The "bodily injury" or "property damage" occurs during the policy period;

   **(3)**   Prior to the policy period, no insured listed under Paragraph **1.** of Section **II – Who Is An Insured** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. . .

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.   Insuring Agreement**

   **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of

"personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

. . .

    **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

. . .

**2.**    **Exclusions**

This insurance does not apply to:

    **a.**    **Knowing Violation of the Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    **b.**    **Material Published With Knowledge of Falsity**

"Personal injury" or "advertising injury" arising out of oral or written publication, including publication by electronic means, of material, if done by or at the direction of the insured with knowledge of its falsity.

    **c.**    **Material Published Prior to Policy Period**

    (1)    "Personal injury" or "advertising injury" arising out of oral or written publication, including publication by electronic means, of material whose first publication took place before the beginning of the policy period; . . .

    **i.**    **Intellectual Property**

"Personal injury" or "advertising injury" arising out of any actual or alleged infringement or violation of

any of the following rights or laws, or any other "personal injury" or "advertising injury" alleged in any claim or "suit" that also alleges any such infringement or violation:

(1) Copyright;

(2) Patent;

(3) Trade dress;

(4) Trade name;

(5) Trademark;

(6) Trade secret; or

(7) Other intellectual property rights or laws.

This exclusion does not apply to:

(1) "Advertising injury" arising out of any actual or alleged infringement or violation of another's copyright, "title" or "slogan" in your "advertisement"; or

(2) Any other "personal injury" or "advertising injury" alleged in any claim or "suit" that also alleges any such infringement or violation of another's copyright, "title" or "slogan" in your "advertisement".

. . .

**SECTION V – DEFINITIONS**

. . .

3. "Bodily injury" means bodily injury, mental anguish, mental injury, shock, fright, disability, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

17. "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of

use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

"Property damage" does not include loss of or damage to "electronic media and records."

    **18.**    "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.**    an arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.**    any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

Policy Form CG 00 01 10 01 as modified by form CG D2 56 11 03, form CG D4 71 01 15 and form CG D4 58 07 13

"Advertising injury":

    **a.**    Means injury, other than "personal injury", caused by one or more of the following offenses:

    **(1)**    Oral or written publication, including publication by electronic means, of material in your "advertisement" that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged;

    **(2)**    Oral or written publication, including publication by electronic means, of material in your "advertisement" that:

    (a)    Appropriates a person's name, voice, photograph or likeness; or

    (b)    Unreasonably places a person in a false light; or

      **(3)**    Infringement of copyright, "title" or "slogan" in your "advertisement", provided that the claim is made or the "suit" is brought by a person or organization that claims ownership of such copyright, "title" or "slogan".

  **b.**    Includes "bodily injury" caused by one or more of the offenses described in Paragraph a. above.

"Personal injury":

  **a.**    Means injury, other than "advertising injury", caused by one or more of the following offenses:

      **(1)**    False arrest, detention or imprisonment;

      **(2)**    Malicious prosecution;

      **(3)**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises;

      **(4)**    Oral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged; or

      **(5)**    Oral or written publication, including publication by electronic means, of material that:

          **(a)**    Appropriates a person's name, voice, photograph or likeness; or

          **(b)**    Unreasonably places a person in a false light.

  **b.**    Includes "bodily injury" caused by one or more of the offenses described in Paragraph **a.** above.

Policy Form CG D4 71 01 15.

4.17    The Policy further provides as follows with regard to Supplementary Payments:

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

    a. All expenses we incur.

    . . .

    c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

    d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $500 a day because of time off from work.

    e. All costs taxed against the insured in the "suit".

    f. Prejudgment interest awarded against the insured on that part of any judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

    g. All interest of the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

    These payments will not reduce the limits of insurance.

Policy Form CG 00 01 10 01 as modified by CG D4 58 07 13.

4.18    The Policy also contains the following Conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

. . .

**2.    Duties In The Event of Occurrence, Offense, Claim Or Suit**

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

  (1)  How, when and where the "occurrence" or offense took place;

  (2)  The names and addresses of any injured persons or witnesses; and

  (3)  The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.  If a claim is made or "suit" is brought against any insured, you must:

  (1)  Immediately record the specifics of the claim or "suit" and the date received; and

  (2)  Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.  You and any other involved insured must:

  (1)  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
  . . .

d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

e.  The following provisions apply to Paragraph **a.** above, but only for purposes of the insurance provided under this Coverage Part to you or any

insured listed in Paragraph **1.** or **2.** Of Section II – Who Is An Insured:

(1) Notice of such "occurrence" or offense must be given as soon as practicable only after the "occurrence" or offense is known to . . . any of your "executive officers" or directors (if you are an organization other than a partnership, joint venture, limited liability company or trust) or any "employee" authorized by you to give notice of an "occurrence" or offense.

Policy Form CG 00 01 10 01, as modified by CG D4 58 07 13.

4.19 The Policy also contains the following provision regarding defense costs:

B. If we initially defend and insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or payment of defense costs and to seek reimbursement for defense costs.

Policy Form IL 23 11 13.

## V. CLAIM FOR DECLARATORY JUDGMENT

5.1 Travelers incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

5.2 Travelers seeks a declaration that it owes no duty to defend or indemnify RJB under the Policy with respect to any filings in, or any aspect of, the Lawsuit, for the following reasons:

a. There is no "suit" against RJB.

b. To the extent that there are any allegations against RJB, they do not allege a claim for "bodily injury" or "property damage."

    c.      To the extent that there are any allegations against RJB, they do not allege an "occurrence."

    d.      To the extent that there are any allegations against RJB, they do not allege a claim for "personal injury" or "advertising injury."

    e.      Travelers has no duty to fund RJB's affirmative litigation.

    f.      The allegations contained in RJB's complaint in the Underlying Lawsuit trigger the above-described exclusions for "personal injury" or "advertising injury" for RJB's knowing violation of the rights of another, publication of false material, publication prior to the policy period, and Intellectual Property.

    g.      The amounts incurred by RJB and/or awarded against RJB are not recoverable under the Supplementary Payments provisions of the subject Policy.

    h.      Travelers is excused from providing any benefits to RJB under the Policy with respect to its tender of its defense as set forth above because RJB failed to timely notify Travelers of the circumstances related to its claim and RJB's failure has substantially prejudiced Travelers ability to investigate, defend, and evaluate the subject claim.

    i.      Travelers is entitled to reimbursement of any and all fees and costs incurred in the defense of RJB.

5.3    In addition to the provisions cited above, Travelers pleads all other conditions, terms, provisions, limitations, definitions, and exclusions of the Policy, which also may be found to be applicable to Travelers' investigation and defense of these claims, and Travelers reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

5.4 There is an actual, present, and existing controversy between Travelers and RJB regarding Travelers' obligations under the Policy as it relates to the Lawsuit. The Lawsuit is ongoing and the appeal in the Ninth Circuit is pending.

5.5 Pursuant to 28 U.S.C. § 2201, *et seq.*, St. Paul seeks a judicial declaration of its rights and duties under the Policy. The Court's declaration will provide much needed certainty for the parties and serve the interests of justice.

## VI. REQUEST FOR RELIEF

WHEREFORE, The Phoenix Insurance Company requests the following relief:

6.1 For a determination of the rights of the parties under the Policy by way of a declaration that Travelers has no duty to defend or indemnify RJB in connection with any of the filings in the Lawsuit;

6.2 For an award of Travelers' recoverable costs and attorney fees; and

6.3 For such other and further relief as this Court may deem just and proper.

DATED this 27th day of July, 2019.

LETHER & ASSOCIATES, PLLC

*/s/ Thomas Lether*
*/s/ Eric Neal*
Thomas Lether, WSBA No.18089
Eric Neal, WSBA No. 31863
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444
F: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
*Attorneys for Plaintiff The Phoenix Insurance Company*